1
2
3
4
5
6
7
8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES MICHAEL MUNRO,

11            Petitioner,              No. CIV S-10-1606 MCE EFB (TEMP) P

12       vs.

13   M. MARTEL,

14            Respondent.              <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16        Petitioner is a California prisoner proceeding with a petition for a writ of habeas corpus

17   under 28 U.S.C. § 2254.  He challenges a 2009 denial of parole.  He requests that the court hold

18   an evidentiary hearing with respect to the claims presented in his petition.  However, for the

19   reasons that follow, there is no reason for the court to take further evidence.

20        An application for a writ of habeas corpus by a person in custody under a judgment of a

21   state court can be granted only for violations of the Constitution or laws of the United States.  28

22   U.S.C. § 2254(a).

23        Also, federal habeas corpus relief is not available for any claim decided on the merits in

24   state court proceedings unless the state court's adjudication of the claim:

25   ////

26   ////

1

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").[1]  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1)  are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* [*v. Taylor*, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  *Early v. Packer*, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002), *cert. dismissed*, 538 U.S. 919

---

[1]  Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief.  *Fry v. Pliler*, 127 S. Ct. 2321, 2326-27 (2007).

2

(2003).  Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.  *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).  In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.  If the state court does not reach the merits of a particular claim, *de novo* review applies.  *Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

"Clearly established" federal law is that determined by the Supreme Court.  Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004).  At the same time, it is appropriate to look to lower federal court decisions as persuasive authority in determining what law has been "clearly established" and the reasonableness of a particular application of that law.  *Duhaime v. Ducharme*, 200 F.3d 597, 598 (9th Cir. 1999); *Clark v. Murphy*, 331 F.3d 1062 (9th Cir. 2003), *overruled on other grounds*, *Lockyer v. Andrade*, 538 U.S. 63 (2003); *cf. Arredondo*, 365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court precedent is misplaced).

Here, petitioner asserts that the Board of Parole Hearings (BPH) violated several provisions of California law when petitioner was denied parole in 2009.  However, as indicated above, an application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  Therefore, the court cannot grant petitioner relief on any claims arising under state law.

Petitioner also claims that the decision to deny him parole in 2009 was made in violation of the Due Process Clause of the Fourteenth Amendment.  The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate

1  that he was deprived of a liberty or property interest protected by the Due Process Clause and

2  then show that the procedures attendant upon the deprivation were not constitutionally sufficient.

3  *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989).

4        A protected liberty interest may arise from either the Due Process Clause of the United

5  States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

6  expectation or interest created by state laws or policies." *Wilkinson v. Austin,* 545 U.S. 209, 221

7  (2005) (citations omitted).  The United States Constitution does not, of its own force, create a

8  protected liberty interest in a parole date, even one that has been set. *Jago v. Van Curen,* 454

9  U.S. 14, 17-21 (1981); *Greenholtz v. Inmates of Neb. Penal,* 442 U.S. 1, 7 (1979) (There is "no

10  constitutional or inherent right of a convicted person to be conditionally released before the

11  expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory

12  language, 'creates a presumption that parole release will be granted' when or unless certain

13  designated findings are made, and thereby gives rise to a constitutional liberty interest."

14  *Greenholtz,* 442 U.S. at 12; *see also Board of Pardons v. Allen,* 482 U.S. 369, 376-78 (1987) (a

15  state's use of mandatory language ("shall") creates a presumption that parole release will be

16  granted when the designated findings are made.).

17        California's parole statutes give rise to a liberty interest in parole protected by the federal

18  due process clause. *Swarthout v. Cooke,* 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at

19  *2 (Jan. 24, 2011) (per curiam).  In California, a prisoner is entitled to release on parole unless

20  there is "some evidence" of his or her current dangerousness. *In re Lawrence,* 44 Cal.4th 1181,

21  1205-06, 1210 (2008); *In re Rosenkrantz,* 29 Cal.4th 616, 651-53 (2002).  However, in

22  *Swarthout* the United States Supreme Court held that "[n]o opinion of [theirs] supports

23  converting California's 'some evidence' rule into a substantive federal requirement." *Swarthout,*

24  2011 WL 197627, at *3.  In other words, the Court specifically rejected the notion that there can

25  be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a

26  parole proceeding. *Id.* at *3.  Rather, the protection afforded by the federal due process clause to

California parole decisions consists solely of the "minimal" procedural requirements set forth in *Greenholtz*, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." *Swarthout*, at *2-3.

Here, the record reflects that petitioner was present at his 2009 parole hearing, pet. at 47,[2] he was given an opportunity to be heard throughout his hearing,[3] *id*. at 49-198, and was provided with the reasons for the decision to deny parole, *id*. at 183-198. According to the United States Supreme Court, the Due Process Clause requires no more. Accordingly, petitioner's Due Process Clause claims must be rejected.

Finally, petitioner asserts that a change in California Penal Code § 3041.5(b)(2) in 2008[4] resulting in his being denied a parole hearing for five years following the 2009 denial violates the Constitution's prohibition against *ex post facto* laws. *Id.* at 35. It appears petitioner requests that the court order another parole hearing for petitioner occurring earlier than five years from the 2009 hearing.

Habeas corpus relief is generally not available unless a petitioner's claim implicates the fact or duration of confinement as the purpose of a habeas action is to obtain release from present or future unlawful custody. *Preiser v. Rodriguez*, 411 U.S. 475, 485-86 (1973). Consequently, the United States Supreme Court has found that where prisoners sought the invalidation of state procedures used to deny parole suitability or eligibility, their claims were cognizable under 42

[2] With respect to petitioner's habeas petition, the page numbers referenced are the number assigned by the court's electronic docketing system.

[3] In his traverse, petitioner asserts that at his 2009 hearing, he was precluded from passing documents along to parole hearing panel members because he was shackled. Traverse at 2. However, petitioner fails to identify what documents he wanted to give to panel members, why he could not pass along the information in the documents verbally or that he sought assistance from prison staff or members of the panel in getting his unidentified documents before the panel.

[4] The change to California Penal Code § 3041.5(b)(2) resulted from the passage of Proposition 9 in 2008. The statutes enacted and statute modifications made pursuant to Proposition 9 are also collectively known as "Marsy's Law."

1   U.S.C. § 1983.  *Wilkinson*, 544 U.S. at 82.  Petitioner's ultimate goal is a speedier release on

2   parole, but the only relief available in the context of petitioner's current claim is to prevent the

3   BPH from applying 2008 changes to California Penal Code § 3041.5(b)(2) to him, thus

4   providing him a speedier opportunity to attempt to convince the BPH that he should be deemed

5   suitable for parole.  This claim cannot be characterized as a direct challenge to the fact or

6   duration of petitioner's confinement, rather it is a challenge to the procedures used to determine

7   if petitioner should remain confined.  Under the authority cited above, this claim must be

8   pursued in a 42 U.S.C. § 1983 action, not in a petition for writ of habeas corpus.[5]

9          Accordingly, IT IS HEREBY RECOMMENDED that:

10         1.  Petitioner's request for an evidentiary hearing be denied;

11         2.  Petitioner's application for writ of habeas corpus be denied; and

12         3.  The Clerk be directed to close the case.

13         These findings and recommendations are submitted to the United States District Judge

14  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

15  after being served with these findings and recommendations, any party may file written

16  objections with the court and serve a copy on all parties.  Such a document should be captioned

17  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

18  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

19  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

20  his objections petitioner may address whether a certificate of appealability should issue in the

21  event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

22

23         [5]  Petitioner is informed that in *Gilman v. Fisher*, CIV-S-05-0830 LKK GGH, a class
    action in this court, plaintiffs are proceeding under 42 U.S.C. § 1983 claiming that the 2008
24  changes to California Penal Code § 3041.5(b)(2) violate their Constitutional right to be free of *ex
    post facto* laws.  Petitioner should determine if he is a member of the class before deciding
    whether or not to initiate his own § 1983 action.  Petitioner should also be aware that in *Gilman
25  v. Schwarzenegger*, No.10-15471, 2011 WL 198435 (9th Cir., Jan. 24, 2011), the Ninth Circuit
    Court of Appeals reversed a district court grant of a preliminary injunction on the grounds that
26  the plaintiffs in *Gilman* are not likely to succeed on the merits of their *ex post facto* claim.

1  Section 2254 Cases (the district court must issue or deny a certificate of appealability when it

2  enters a final order adverse to the applicant).

3  DATED:  February 15, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE